IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| STEPHEN EVERETT LEE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No: **3:06-cv-0368-MHT-CSC** |
| | ) |
| JUAN J. CARMONA, M.D., | ) |
| CLIFFORD ROBINSON, and | ) |
| LEA WIGGINS, | ) |
| | ) |
| Defendants. | ) |

**MOTION TO DISMISS**

Comes now the above-listed defendants in their individual capacities, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and pursuant to Rules 12(b)(5) and 12(b)(6), Federal Rules of Civil Procedure requests that the complaint against them be dismissed. In support of this motion the defendants state as follows:

*I.    Introduction*

The plaintiff seeks damages from the individual defendants for their percieved roles in banning him from the Department of Veterans Affairs' Central Alabama Veterans Healthcare System (CAVHCS). Apparently he seeks damages under <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, which provides a cause of action against a federal agent who, while acting under the color of federal law, has allegedly violated an individual's constitutional rights of.  403 U.S. 388, 397, 91 S.Ct.

1999, 2005, 29 L.Ed.2d 619 (1970).

II.     *For purposes of Rule 12(b)(6) this Court is to accept the allegations in the complaint as true and construe them in the light most favorable to the plaintiff.*

Pursuant to Federal Rule of Civil Procedure Rule 12(b)(6), this Court is to accept the allegations in the complaint as true and construe them in the light most favorable to the plaintiff. Hill v. White, 321 F.3d 1334, 1335 (11th Cir.2003).

III.    *Even accepting the allegations of the complaint as true and construing them in the light most favorable to the plaintiff, the plaintiff's claims for monetary damages against the individual defendants fail due to the effective scheme of redress contained in the Veterans' Judicial Review Act Pub.L.No. 100-687, 102 Stat. 4105 (1988).*

While the plaintiff in Bivens sought damages for alleged violations of the Fourth Amendment, the Court has also allowed Bivens actions for violations of the Due Process Clause of the Fifth Amendment, Davis v. Passman, 442 U.S. 228, 99 S.Ct. 2264, 60 L.Ed.2d 846 (1979), and the prohibition of cruel and unusual punishment under the Eighth Amendment, Carlson v. Green, 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980).

The Eleventh Circuit Court of Appeals has held that "[d]amages can be obtained in a Bivens action when (1) the plaintiff has no alternative means of obtaining redress and (2) no 'special factors counseling hesitation'" are present. Hardison v. Cohen, 375 F.3d 1262, 1264 (11th Cir. 2004), *quoting*, Stephens v. Department of Health & Human Services, 901 F.2d 1571, 1575-76 (11th Cir.1990), *cert. denied,* 498 U.S. 998, 111 S.Ct. 555, 112 L.Ed.2d 562 (1990). "Those special factors 'include an appropriate judicial

deference' toward the will of Congress: 'When the design of a Government program suggests that Congress has provided what it considers adequate remedial mechanisms for constitutional violations that may occur in the course of its administration, we have not created additional Bivens remedies.'" Id., *quoting,* Schweiker v. Chilicky, 487 U.S. 412, 423, 108 S.Ct. 2460, 2468, 101 L.Ed.2d 370 (1988).

Of importance here is the scheme multi-tiered framework established in the Veterans' Judicial Review Act ("VJRA"), Pub.L.No. 100-687, 102 Stat. 4105 (1988), which provides meaningful redress to veterans who believe that their benefit determinations and/or the actions of VA employees who make and administer those decisions are violative of the statutes underlying them and/or the Constitution itself.

The first step contemplated by the VJRA is the filing of a claim for benefits with a regional office of the Department of Veterans Affairs. The regional office is required to "decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans." 38 U.S.C. § 511(a). If dissatisfied with the conclusions of the regional office, the claimant may then appeal to the BVA, which either issues the final decision of the Secretary or remands the claim to the regional office for further development and subsequent appeal. *See* 38 U.S.C. § 7104. *See,* Cheves v. Department of Veterans Affairs, 227 F.Supp.2d 1237, 1241-1242 (M.D. Fla. 2002). If the veteran is ultimately dissatisfied with the final action of the BVA, he may seek judicial review of his claim in the Court of Appeals for Veterans

Claims. 38 U.S.C. § 7252. Finally, the Court of Appeals for the Federal Circuit has exclusive appellate jurisdiction over decisions of the CVA. 38 U.S.C. § 7292. If necessary, a claimant may petition the United States Supreme Court to review the decision of the Court of Appeals for the Federal Circuit. *See* 38 U.S.C. § 7291.

The plaintiff's wrapping his requests for review in constitutional terms is of no moment. Post VJRA, "federal courts have held repeatedly that they lack jurisdiction over constitutional challenges to VA benefits decisions." Beamon v. Brown, 125 F.3d 965, 972 (6th Cir.1997) (citing Zuspann v. Brown, 60 F.3d 1156 (5th Cir.1995) (district court lacked jurisdiction over benefits claim where plaintiff alleged due process violation)); Sugrue v. Derwinski, 26 F.3d 8, 10-11 (2d Cir.1994); Hicks v. Veterans Administration, 961 F.2d 1367 (8th Cir.1992); Larrabee by Jones v. Derwinski, 968 F.2d 1497, 1500 (2nd Cir.1992) (federal courts precluded "from hearing claims--even if draped in constitutional terms--seeking a particular type or level" of VA benefits); Pate v. Dept. of Veterans Affairs, 881 F.Supp. 553, 555-56 (M.D.Ala.1995) (district court lacked jurisdiction over benefits claim, "although couched in terms of a constitutional claim").

Accordingly, courts have failed to find a cause of action based upon Bivens, when the plaintiff has sought redress for unfavorable benefit decisions from individual VA employees. This is because:

> the administrative process created by Congress provides for a comprehensive review of veterans' benefits disputes. Further, Congress has explicitly precluded judicial review of veterans' benefits disputes, which suggests that Congress'

>failure to create a remedy against individual VA employees
>was not an oversight.

Thomas v. Principi, 394 F.3d 970, 975, (D.C. Cir. 2005), *citing*, Zuspann v. Brown, 60 F.3d 1156, 1161 (5th Cir.1995); Sugrue v. Derwinski, 26 F.3d 8, 12-13 (2d Cir. 1994): *also see,* Hicks v. Small, 69 F.3d 967, 969 (9th Cir. 1995); Murrhee v. Principi, 364 F.Supp.2d 362 (C.D. Ill. 2005); Marozsan v. United States, 849 F.Supp 617 (N.D. Ind. 1994).

### IV.    *The individually named Defendants are entitled to be dismissed for Plaintiff's failure to serve them in accordance with Rule 4, Federal Rules of Civil Procedure.*

The defendants seek dismissal from the instant lawsuit as Plaintiff has failed to properly perfect service of process upon them in accordance with Rule 4, Federal Rules of Civil Procedure. More particularly, none of the individually named Defendants has received notice of this action in accord with the Rule 4(i)(2)(B), Federal Rules of Civil Procedure.

Rule 4(i)(2)(B) states,"[s]ervice on an officer or employee of the United States sued in an individual capacity for acts or omissions occurring in connection with the performance of duties on behalf of the United States--whether or not the officer or employee is sued also in an official capacity--is effected by serving the United States in the manner prescribed by Rule 4(i)(1) and by serving the officer or employee in the manner prescribed by Rule 4 (e), (f), or (g)." Consequently, in this case, service was required to be effected pursuant to Rule 4(e), which requires service to be: "1) pursuant to

the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State; or (2) by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process." As the defendants' are not aware of any attempts to serve them at their dwellings, it appears that the plaintiff was anticipating effecting service in accordance with Rule 4(e)(1).

In pertinent part, Rule 4(i)(2), Alabama Rules of Civil Procedure, states:

> (2) *Service by Certified Mail.*
>
> > (A) When Proper. When the plaintiff files a written request with the clerk for service by certified mail, service of process shall be made by that method.
> >
> > (B) How Served. In the event of service by certified mail, the clerk shall place a copy of the process and complaint or other document to be served in an envelope and shall address the envelope to the person to be served with instructions to forward. In the case of an entity within the scope of one of the subdivisions of Rule 4(c), the addressee shall be a person described in the appropriate subdivision. The clerk shall affix adequate postage and place the sealed envelope in the United States mail as certified mail with instructions to forward, return receipt requested, with instructions to the delivering postal employee to show to whom delivered, date of delivery, and address where

> delivered. The clerk shall forthwith enter the fact of mailing on the docket sheet of the action and make a similar entry when the return receipt is received.

In turn, Rule 4(c) states:

> (c) Upon Whom Process Served. Service of process, except service by publication as provided in Rule 4.3, shall be made as follows:
>
> > (1) *Individual.* Upon an individual, other than a minor or an incompetent person, by serving the individual or by leaving a copy of the summons and the complaint at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and the complaint to an agent authorized by appointment or by law to receive service of process.

In resolving a motion under Rule 12(b)(5), dismissal for insufficiency of service of process, the party making the service has the burden of demonstrating its validity when an objection to service is made. Reed v. Weeks Marine, Inc., 166 F.Supp.2d 1052, 1054 (E.D. Pa. 2001), *citing*, Grand Entertainment Group, Ltd. v. Star Media Sales, Inc., 988 F.2d 476, 488-489 (3d Cir.1993).

The docket sheet indicates that "Rodney Gilbreath" signed for the certified mail containing the summons and complaint as to each defendant on May 3, 2006. The record is void of any indication that Mr. Gilbreath is a duly authorized agent for any of the defendants. Service being challenged, the plaintiff must demonstrate that Mr. Gilbreath is, in fact, an agent authorized by each defendant or by law to accept service of process. A failure to provide the necessary proof mandates the dismissal of the individual

defendants for ineffective service of process.

## V.   *Conclusion*

The plaintiff, having adequate redress through the VJRA, has failed to state a claim upon which relief in the form of monetary damages can be awarded to him from the individual defendants. Alternatively, his inability to establish that the defendants were served in accordance with Rule 4, Federal Rules of Civil Procedure mandates dismissal of the defendants.

WHEREFORE, premises considered, the complaint against the individual defendants is due to be and should be dismissed.

Respectfully submitted this 8th day of August, 2006.

        LEURA G. CANARY
        United States Attorney

By: s/R. Randolph Neeley
    R. RANDOLPH NEELEY
    Assistant United States Attorney
    Bar Number: 9083-E56R
    Post Office Box 197
    Montgomery, AL  36101-0197
    Telephone No.: (334) 223-7280
    Facsimile No.: (334) 223-7418
    **E-mail: rand.neeley@usdoj.gov**

## CERTIFICATE OF SERVICE

I hereby certify that on August 8, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and I hereby certify that I have mailed, by United States Postal Service, a copy of same to the following non-CM/ECF participant(s):

    Stephen Everett Lee, pro se
    409-A Roberts Street
    Tuskegee, AL 36083

                                            s/R. Randolph Neeley
                                            Assistant United States Attorney