IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| STEPHEN EVERETT LEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No: **3:06-cv-0368-MHT-CSC** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| Defendant. ) | |

## MOTION TO DISMISS

Comes now the Defendant, United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and pursuant to Rule 12(b)(1) moves for the dismissal of the above-styled cause as this Court lacks subject matter jurisdiction. In support of this motion Defendants state as follows:

*I.    Introduction*

By letter dated April 23, 2004, the plaintiff was banned from the Central Alabama Veterans Healthcare System (CAVHCS) for any purposes other than emergency medical and humanitarian services. The VA's actions were predicated upon acts of alleged violence against fellow VA patients and VA employees. The plaintiff, in essence, seeks review of the denial of benefits to him at CAVHCS. The plaintiff seeks an order of this Court requiring the Department of Veterans Affairs, an agency of the United States, to award him benefits as if he qualified for those due a veteran with a 100% service connected disability and $2,000,000.00 in punitive damages. As the propriety of the

VA's decision to ban the plaintiff from CAVHCS amounts to a denial of the receipt of benefits at that location, this Court lacks subject matter jurisdiction over this matter and this case is therefore due to be and should be dismissed pursuant Rule 12(b)(1), Federal Rules of Civil Procedure.

## II. Subject matter jurisdiction over a complaint seeking a certain level of benefits or to compel action of the Secretary of the Department of Veterans Affairs is within the exclusive jurisdiction of the Court of Appeals of Veterans Claims (CVA).

The United States retains sovereign immunity from lawsuits unless the government has consented to suit. See United States v. Mitchell, 463 U.S. 206, 212, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983). Moreover, the United States has not waived its sovereign immunity as to reviews of VA benefit determinations and procedures by any court other than the Court of Appeals for Veterans Affairs, Federal Circuit Court of Appeals, and the United States Supreme Court. In re Russell, 155 F.3d 1012, 1013 (8th Cir. 1998).

Specifically Title 38, United States Code, Section 511(a) bars the district court from reviewing the defendants' benefits determination, as that section provides that, subject to exceptions not applicable here, "the decision of the Secretary [of Veterans Affairs] as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise." The veteran does, however, have a right to have his claim reviewed pursuant to a multi-tiered framework established in the Veterans' Judicial Review Act ("VJRA"), Pub.L.No. 100-687, 102 Stat. 4105 (1988).

The first step contemplated by the VJRA is the filing of a claim for benefits with a regional office of the Department of Veterans Affairs. The regional office is required to "decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans." 38 U.S.C. § 511(a). If dissatisfied with the conclusions of the regional office, the claimant may then appeal to the BVA, which either issues the final decision of the Secretary or remands the claim to the regional office for further development and subsequent appeal. *See* 38 U.S.C. § 7104. *See,* Cheves v. Department of Veterans Affairs, 227 F.Supp.2d 1237, 1241-1242 (M.D. Fla. 2002). If the veteran is ultimately dissatisfied with the final action of the BVA, he may seek judicial review of his claim in the Court of Appeals for Veterans Claims. 38 U.S.C. § 7252. Finally, the Court of Appeals for the Federal Circuit has exclusive appellate jurisdiction over decisions of the CVA. 38 U.S.C. § 7292. If necessary, a claimant may petition the United States Supreme Court to review the decision of the Court of Appeals for the Federal Circuit. *See* 38 U.S.C. § 7291.

In accord with the foregoing, the Court of Appeals for Veterans Claims, "and not the district court, has jurisdiction to compel an action of the Secretary 'unlawfully withheld or unreasonably delayed.'" Frison v. Principi, 2003 WL 22097797 (C.A.D.C. 2003) (unpublished opinion), *quoting,* 38 U.S.C. § 7261; *citing,* In re: Russell, 155 F.3d 1012 (8th Cir.1998); Beamon v. Brown, 125 F.3d 965, 974 (6th Cir.1997); *also see,* Cheves v. Department of Veterans Affairs, 227 F.Supp.2d at 1246 ("This Court simply

lacks jurisdiction to review the VA's handling and processing of the plaintiffs' benefit claims.")

Finally, the plaintiff's wrapping his requests for review in constitutional terms is of no moment. Post VJRA, "federal courts have held repeatedly that they lack jurisdiction over constitutional challenges to VA benefits decisions." Beamon v. Brown, 125 F.3d 965, 972 (6th Cir.1997) (citing Zuspann v. Brown, 60 F.3d 1156 (5th Cir.1995) (district court lacked jurisdiction over benefits claim where plaintiff alleged due process violation)); Sugrue v. Derwinski, 26 F.3d 8, 10-11 (2d Cir.1994); Hicks v. Veterans Administration, 961 F.2d 1367 (8th Cir.1992); Larrabee by Jones v. Derwinski, 968 F.2d 1497, 1500 (2nd Cir.1992) (federal courts precluded "from hearing claims--even if draped in constitutional terms--seeking a particular type or level" of VA benefits); Pate v. Dept. of Veterans Affairs, 881 F.Supp. 553, 555-56 (M.D.Ala.1995) (district court lacked jurisdiction over benefits claim, "although couched in terms of a constitutional claim").

### III.    *The plaintiff has not demonstrated a waiver of sovereign immunity upon which a punitive damages award against United States can be founded.*

The United States cannot be sued for punitive damages unless Congress explicitly authorizes such liability. Kasprik v. United States, 87 F.3d 462, 465 (11th Cir. 1996), *citing*, Missouri Pacific Railroad Co. v. Ault, 256 U.S. 554, 41 S.Ct. 593, 65 L.Ed. 1087 (1921). In Ault, the Supreme Court held that the doctrine of sovereign immunity foreclosed the imposition of punitive damages upon an instrumentality of the United States, absent an express waiver of such immunity by Congress. Ault, 256 U.S. at

563-65, 41 S.Ct. at 597. Since then it has been held that "[t]he established rule is that punitive damages cannot be recovered from the United States or its agencies." Smith v. Russellville Production. Credit Association, 777 F.2d 1544, 1549 (11th Cir.1985), this is because "the principle of sovereign immunity ... generally bars the award of punitive damages in actions against the United States as sovereign." Id. at 1550.

The plaintiff has failed in his complaint to cite to any mandate of Congress or higher judicial authority that would allow for the recovery of punitive damages against the United States or its agency, the Department of Veterans Affairs. Having so failed his request for punitive damages is due to be and should be dismissed.

*IV.    Conclusion*

The plaintiff' claims against the Untied States are not within the subject matter jurisdiction of this Court, they are therefore due to be and should be dismissed.

Respectfully submitted this 8th day of August, 2006.

          LEURA G. CANARY
          United States Attorney

    By: s/R. Randolph Neeley
      R. RANDOLPH NEELEY
      Assistant United States Attorney
      Bar Number: 9083-E56R
      Post Office Box 197
      Montgomery, AL  36101-0197
      Telephone No.: (334) 223-7280
      Facsimile No.: (334) 223-7418
      **E-mail: rand.neeley@usdoj.gov**

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 8, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and I hereby certify that I have mailed, by United States Postal Service, a copy of same to the following non-CM/ECF participant(s):

    Stephen Everett Lee, pro se
    409-A Roberts Street
    Tuskegee, AL 36083

                                        s/R. Randolph Neeley
                                      Assistant United States Attorney