IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| STEPHEN EVERETT LEE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.  2:06cv368-MHT |
| | ) |
| UNITED STATES OF AMERICA, *et al.*, | ) |
| | ) |
| Defendants. | ) |

ORDER

The plaintiff claims that the defendants have wrongfully denied him access to medical care at the Central Alabama Veterans Healthcare System (CAVHCS).  The United States has filed a FED.R.CIV.P. 12(b)(1) motion to dismiss on the basis of its absolute immunity and two of the other defendants seek FED.R.CIV.P. 12(b)(6) dismissal.

Federal courts are courts of limited jurisdiction.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994); *Wymbs v. Republican State Executive Committee*, 719 F.2d 1072, 1076 (11th Cir. 1983).  As such, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States, *see Kokkonen*, 511 U.S. at 377 and are required to inquire into their jurisdiction at the earliest possible point in the proceeding.  *University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 410 (11th Cir.  1999).  Every federal court operates under an independent obligation to ensure it is presented with the kind of concrete controversy

upon which its constitutional grant of authority is based. *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215 (1990). FED.R.CIV.P. 12(h)(3) requires that [w]herever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction, the court shall dismiss the action.

The plaintiff complains about the denial or restriction of veterans medical care benefits. As amended by the Veterans Judicial Review Act, Pub.L. No. 100-687, 102 Stat. 4105 (1988) (VJRA), the Veterans' Benefits Act of 1957, Pub.L. No. 85-56, 71 Stat. 83, precludes judicial review in Article III courts of VA decisions affecting the provision of veterans' benefits. 38 U.S.C. § 511(a). *See also Hall v. U.S. Dept. Veteran's Affairs*, 85 F.3d 532 (11th Cir. 1996). *See also Larrabee v. Derwinski*, 968 F.2d 1497, 1499-1501 (2d Cir.1992) (detailing history of veterans' benefits legislation). In short, it appears that this court lacks jurisdiction over the plaintiff's complaint. The exclusive avenue for redress of veterans' benefits determinations is appeal to the Court of Veterans Appeals and from there to the United States Court of Appeals for the Federal Circuit. See 38 U.S.C. §§ 511, 7252, 7292. Accordingly, it is

ORDERED that on or before September 12, 2006, the plaintiff shall show cause why this case should not be dismissed for want of jurisdiction.

Done this 29th day of August, 2006.

                                         /s/Charles S. Coody
                                        CHARLES S. COODY
                                        CHIEF UNITED STATES MAGISTRATE JUDGE