IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN ~~EASTERN~~ DIVISION

| | |
|---|---|
| STEPHEN EVERETT LEE ) | 2006 SEP 18 A 11:02 |
| Plaintiff ) | |
| ) | |
| V ) | Civil Action No: 3:06-cv-0368-MHT-CSC |
| UNITED STATES OF AMERICA ) | |
| et.al. ) | |
| ) | |

<u>Plaintiff's Brief In Objection to Dismissal</u>
<u>of Defendant.</u> And Motion For Extension of
<u>Time to Respond to be Excused.</u>

The Plaintiff, respectfully files this Brief in objection to the Dismissal of the Defendant in the above styled cause. The Plaintiff contends that the Defendant's Dismissal is Due to be Reconsidered. He offers the following for the Court's Consideration:

I. <u>STATEMENT OF FACTS</u>

The Plaintiff seeks damages from the individual Defendants for their percieved roles in banning him from the Department of Veteran Affairs' Central Alabama Veteran Healthcare System (CAVHCS). He seeks damages under <u>Bivens V. Six Unknown Named Agents of the Federal Bureau of Narcartics</u>, which provides a cause of action against a federal agent who, while acting under the color of federal law, has violated an individual's Constitutional Rights of. 403 U.S. 388, 397, 91 S ct. 1999, 2005, 29 L. Ed. 2d 619 (1970).

The Eleventh Circuit Court of Appeals has held that "[d]amages can be obtained in a <u>Bivens</u> action when (1) the plaintiff has no alternative means of obtaining redress and (2) no special factors counseling hesitation

(1)

Plaintiff contends that he has attempted to file a money damages complaint against CAVHCS by submitting a Standard Form 95 - "Claim for Damage, Injury or Death," dated April 17, 2006. However, once again the VA ignored the claim for damages because the Plaintiff never got a response from the Dept. of Veterans Affairs Regional Counsel located at: 1500 E. Woodrow Wilson Blvd. Jackson, MS 39216. (See copy of SF-95 claim exhibit #1). Since the Plaintiff never recieved a response to his SF-95 claim for damages - which specifically asked for 100% service connected disability under 1151 and $2,211,000 for punitive damages as a result of various torts committed against him. The Plaintiff is using the <u>Federal Torts Claims Act</u> as the jurisdictional basis for this complaint. After not recieving a response nor a final agency decision on the SF-95 claim, the Plaintiff, not satisfied, with the VA's decision to ignore his claim, is now seeking relief through the Court under the Federal Tort Claims Act.

Secondly, the Plaintiff also contends that he has, at the present, a 1151 claim for service connected disability pending at the VA Regional Office located in Montgomery Alabama. (See copy of request for copy of 1151 claim filed April 17th, 2006 Exhibit #2) Please note this is why the Plaintiff has requested to be excused for not responding by the September 12th deadline ordered by the court. The Plaintiff felt that an actual copy of the 1151 claim filed on April 17th 2006 was pertinent in showing the Court that the plaintiff has attempted to seek relief within the multi-tiered framework of the VA. However, the VA failed to mail the requested copy of the 1151 claim. (See Exhibit #2) - The Request for copy of 1151 claim was made on May 8, 2006. Information was mailed from VA to Plaintiff on August 11, 2006. On August 12, 2006 Plaintiff hand carried request for ~~1151~~ copy of 1151 claim to VA Montgomery Regional Office (see note on request stating the wrong information was sent by the VA to plaintiff - Exhibit #2). The Plaintiff on August 12, 2006 included the original request for a copy of 1151 claim and also filed a new request for a copy of claim. Nevertheless, the Plaintiff still has not recieved a copy of the 1151 claim that was requested since May, 2006.

(2)

Also, yet it be noted that the reason the plaintiff filed a SF-95 claim for damages on April 17, 2006 was to make his claim timely by not letting the statute of limitations date of April 23, 2006 accrue. Consequently, since the plaintiff has attempted to remedy his complaint against CAVHCS by working within the multi-tiered framework of the Veterans Administration, the plaintiff contends that the defendant's allegation that the plaintiff has not is unfounded. Therefore, the defendants dismissal is due to be reconsidered.

    Furthermore, the defendant in his response has attempted to elude the main focus of this complaint, which is that this claim is clearly a tort claim, not a benefit claim against CAVHCS. The plaintiff has already filed a benefit claim with VA. The plaintiff is not asking the court to rule on a benefit claim. He just merely requested that it be included as part of a settlement if the plaintiff recieves a favorable ruling. However, if the court feels that it lacks jurisdiction to award VA benefits as part of a settlement — even under the Federal Tort Claims Act, then the plaintiff request that the court excercise it's discretion to delete the request for a VA benefit award as part of a settlement and treat this complaint solely as a tort claim. Nevertheless, the plaintiff has the burden of proving that CAVHCS is liable for malicious prosecution, medical neglect, violation of patients rights, pain and suffering, and mental anguish, as a result of the various torts committed against the plaintiff when CAVHCS wrongfully banned plaintiff in April 2004.

    In the letter of appeal to the ban dated May 2, 2004. It specifically asked the defendants to name specific employees and veterans (plural) that plaintiff supposedly had alledgedly attacked. The defendants have yet to respond because they ignored the letter of appeal to ban (see letter of appeal to ban exhibit #3 pg #5) by never responding to the plaintiff. The plaintiff has never attacked any veteran or employees at CAVHCS. The plaintiff in his complaint has demonstrated how ~~[redacted]~~ on several occassions when voluntarily committing himself to the mental health wards at the VA — how the VA hospital has a tendancy of either having the veteran/patient arrested, discharged, or banned (see exhibit #4)

(3)

For example, due to getting wrongfully banned from CAVHCS for 2 years, the plaintiff was banned from CAVHCS for 6 months on December 10, 2002 (see Exhibit #4) Note the first paragraph of patient progress note on date of discharge states, "Veteran continues to exhibit hostile threatening behavior." However, the discharge note states that the patient mediation committee agreed to discharge plaintiff administratively because of an altercation the plaintiff was involved in with his then girlfriend CAVHCS employee MS Joyce Moore. Nevertheless, the plaintiff contends that he should have never been permitted to leave the mental ward unsupervised due to the hostile mental state that was evident throughout the 5-6 day stay as a mental health inpatient. Nevertheless, plaintiff was discharged on December 10, 2002. Dr Surya R. Muoragada stated at time of discharge that patient was free from psychosis, competent, and not a threat to himself or others. (See Exhibit #4 and compare the times each note was written) Other patient notes will stipulate that during the period as an inpatient - patient was still feeling violent and requested to be left alone and to remain on SOG status. As a result of VA officials at CAVHCS not being sympathetic to the veterans/patients while on the mental health ward an employee of CAVHCS was rapped as a result all mental health inpatients must remain on SOG status while on the ward as the plaintiff had requested for himself but was refused. (See progress notes dated December 2-10, 2002). Also, I personally know a veteran named, Shipman that wanted to commit himself to the mental health ward at CAVHCS but was refused - He killed his wife. He is presently awaiting trial for capital murder in Macon County Jail.

In his complaint the plaintiff has demonstrated how various CAVHCS employees named in complaint refused plaintiff medical treatment after being warned by letter from plaintiff's attorney "That this medical neglect may exacerbate plaintiff's condition. (See letter from plaintiff's attorney - Lateefah Muhammad to CAVHCS attorney - R. Randolph Neeley.)

(4)

never the less the defendant has failed to address the specifics of this complaint – which is this complaint is a tort claim not a benefit claim! Therefore, the dismissal of the defendant is due to be reconsidered.

## II. Motion for Extension of Time to Respond to Be Excused

The plaintiff pro se, not an attorney respectfully request the court grant him leniancy for missing the order for plaintiff to respond by September 12, 2006. The reason the plaintiff failed to respond on time is as plaintiff has demonstrated earlier in brief – the difficulty he is experiencing when it comes to obtaining copies of 1151 claim from VA Regional Office (see Exhibit #2) The plaintiff assumed that he would be granted at least 30 days to respond to defendant's motion to dismiss dated August 28, 2006 just as the defendants were granted 30+ days to respond to complaint. The plaintiff admitts that he did not thoroughly read the last three lines of the Honorable Judge Charles S. Coody's order to dismiss. The plaintiff prays that although he did not submitt an actual copy of the pending 1151 claim he hopes that the documents submitted will help to substantiate his claim that he has attempted to seek relief within the multi tiered framework of the Veterans Administration.

## III. Conclusion

The plaintiff has demonstrated that his claims against the United States and named defendants are within the subject matter jurisdiction of this court because his complaint is a tort claim that the VA failed to render a final agency decision on; therefore the plaintiff is seeking relief through the court (see Exhibit #1-3) Therefore, the dismissal of the defendant is due to be reconsidered.

Respectfully submitted this 15th day of September 2006.

Stephen E. Lee
Pro Se

(5)

## CERTIFICATE OF SERVICE

I hereby certify that on September 29th, 2006, I have mailed, by United States Postal Service a copy of the foregoing to the Clerk of the Court, and I hereby certify on this same date, that I have mailed, by United States Postal Service, a copy of the same to the Defendant a Cm/ECF Participants).

R. Randolph Neely
Assistant United States Attorney
Bar Number: 9083-E56R
Post Office Box 197
Montgomery, AL 36101-0197

*Stephen E. Lee*, Pro Se

PAGE 16 of 16