IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| STEPHEN EVERETT LEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.  2:06cv368-MHT |
| | ) | (WO) |
| UNITED STATES OF AMERICA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

The *pro se* plaintiff, Stephen Everett Lee ("Lee"), brings this action against the

United States of America, and Dr. Carmona, Clifford Robinson, Lea Wiggins and Joyce

Moore as employees of the Central Alabama Veterans Health Care System in Tuskegee,

Alabama.  Lee complains about the actions of these officials barring him from the Veterans

Health Care System for two years and claims that, as the result of the defendants' malicious

prosecution and medical neglect, his bipolar disorder has not been properly treated and he

has relapsed on drugs.  He seeks "100 % service connected disability compensation and

$2,000,000 for punitive damages." (Compl. at 4).  Lee purports to bring his claims pursuant

to the Federal Tort Claims Act (FTCA), and he seeks damages pursuant to *Bivens v. Six*

*Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

This action is presently before the court on the motions to dismiss filed by the

defendants on August 8, 2006 and August 28, 2006. (Docs. # 17, 18 & 21).  The plaintiff has

filed responses to the motions to dismiss.  (Docs. # 23 & 25).  After careful review of the

motions and the plaintiff's responses, the court concludes that the defendants' motions to dismiss are due to be granted.

## DISCUSSION

The plaintiff alleges the following facts in his complaint.[1]  According to Lee, on April 23, 2004, he was banned for two years from the Central Alabama Veterans Health Care ("CAVHC") facility in Tuskegee, Alabama for allegedly being violent towards employees and veterans.  Although he appealed the ban, the CAVHC has never responded to his appeal.  As a direct result of this ban, Lee asserts that his bipolar condition was exacerbated by a lack of medication; his behavior became erratic; and eventually he relapsed on drugs.[2]

The defendants argue that this court lacks subject matter jurisdiction over the plaintiff's claims because the Court of Appeals of Veterans Claims has exclusive jurisdiction over this matter.  *See* 38 U.S.C. § 7261.  They further allege that Lee cannot use *Bivens* or the FTCA to seek damages against the United States because the Veterans' Judicial Review Act contains a sufficient alternative means for redress.[3]  The plaintiff pursues this action *pro se* and his pleadings are not a model of clarity.  Nonetheless, the court will address each of his claims as discerned by the court

---

[1]  On a motion to dismiss, the court must take the facts as stated in the complaint as true.

[2]  As a result of his relapse, Lee alleges that he was evicted from his apartment.

[3]  The defendants also argue that the individual defendants were not properly served in accordance with FED. R. CIV. P. 4.  Because the court concludes that the motions to dismiss are due to be granted on other grounds, it is not necessary for the court to reach this issue.

2

## A. Claim for Veterans Benefits

In his request for relief, Lee specifically request the payment of veterans' disability benefits. To the extent that Lee seeks an award of benefits, this court has no jurisdiction to award benefits.

38 U.S.C. § 511 generally proscribes court review of decisions of the Secretary of Veterans Affairs with regard to veterans' benefits. It provides:

> (a) The Secretary shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans. *Subject to subsection (b), the decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise.*
>
> (b) The second section of subsection (a) does not apply to –
>
>> (1) matters subject to section 502 of this title;
>> (2) matters covered by sections 1975 and 1984 of this title;
>> (3) matters arising under chapter 37 of this title; and
>> (4) matters covered by chapter 72 of this title.

38 U.S.C. § 511 (emphasis added). The first three exceptions set forth in subsection (b) pertain to judicial review of rules and regulations, suits on government insurance policies, and housing and small business loans, and are inapplicable in the present case. Chapter 72 of Title 38, listed in § 511(b)(4), establishes the procedure for judicial review of final decisions of the Secretary of Veterans' Affairs. "[U]nder the statutory scheme, judicial review of a particular application of the law made by the Secretary with respect to a veteran's entitlement to benefits may be had only by appealing to the Board, then to the Court of

3

Veterans Appeals, the Federal Circuit Court of Appeals and the Supreme Court." *Hall v. U.S. Department of Veterans' Affairs*, 85 F.3d 532, 534 (11th Cir. 1996). "[A] challenge to a decision affecting benefits . . . is encompassed by 38 U.S.C. § 511 and is not reviewable in any manner other than by the review mechanism set forth in Chapter 72 of Title 38." *Hicks v. Veterans Administration*, 961 F.2d 1367, 1370 (8th Cir. 1992).

The factual basis for plaintiff's claims against the United States or the defendants is not clear from the complaint. It appears, however, that plaintiff seeks compensation in the form of benefits and punitive damages for injuries he received through the VA's failure to treat him because he was banned from the facility. Regardless whether the plaintiff is seeking benefits or complaining about the decision banning him from receiving benefits, his claim is a challenge to a decision affecting his benefits. The plaintiff cannot avoid the jurisdictional bar of § 511 by couching his claims in terms of constitutional or tort law claims or by simply asserting that he is proceeding under the FTCA. "The statute [§ 511(a)] includes all claims, whatever their bases, as long as the claim is 'necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans.'" *Hicks v. Veterans Administration*, 961 F.2d 1367, 1369 (8th Cir. 1992); *see also Hicks v. Small*, 69 F.3d 967, 970 (9th Cir. 1995) (affirming dismissal of state tort claims for lack of subject matter jurisdiction because determination of the tort claims would necessitate consideration of issues of law and fact involving the decision to reduce plaintiff's benefits).

Thus, this court lacks jurisdiction over the plaintiff's benefits claims, and his claims

against the United States and any official capacity VA defendants are due to be dismissed.

## B. *Bivens* Claims against Individual Defendants

The plaintiff also attempts to bring a *Bivens* claim against the defendants for their roles in having him banned from CAVHC and for failing to treat him.  He is entitled to no relief on this basis.  In *Bivens*, the Supreme Court held that individuals could sue federal officers for money damages for certain constitutional violations.  However, the Court has also held that *Bivens* does not create a cause of action against federal agencies.  *See Federal Deposit Ins. Corp. v. Meyer*, 510 U.S. 471 (1994).  Accordingly, the plaintiff's claims against the United States are due to be dismissed.

Furthermore, in examining the plaintiff's *Bivens* claim against the individual defendants, the court concludes that these claims are barred by the doctrine set forth in *Bush v. Lucas*, 462 U.S. 367 (1983) and *Schweiker v. Chilicky*, 487 U.S. 412 (1988).  In *Chilicky*, the Supreme Court "responded cautiously to suggestions that *Bivens* remedies be extended into new contexts."  487 U.S. at 421.  In *Bush*, the Supreme Court, because of the comprehensive civil service remedial system established by Congress for federal employees, refused to imply a *Bivens* remedy in favor of a federal employee who sought to recover damages from his superior for violation of his First Amendment rights.

The Eleventh Circuit has concluded that the existence of a comprehensive statutory scheme  precludes the bringing of *Bivens* actions for money damages.  *See Miller v. U.S. Dept. of Agriculture Farm Servs. Agency*, 143 F.3d 1413, 1416 (11th Cir. 1998); *Gleason v.*

*Malcom*, 718 F.2d 1044, 1048 (11ᵗʰ Cir. 1983); *Grier v. Secretary of the Army*, 799 F.2d 721,

725 n. 3 (11ᵗʰ Cir. 1986). "*Bivens*-type actions are somewhat extraordinary and are restricted

to the vindication of the constitutional rights of an aggrieved victim only when no equally

effective remedy is available." *Gleason*, 718 F.2d at 1047.

> The [*Bush*] Court declined to conclude that the Constitution supports a private
> cause of action in cases in which the plaintiff's claim for relief arises out of an
> employment relationship governed by procedural and substantive
> administrative provisions that establish an effective remedy for constitutional
> violations by the government. The *Bush* analysis has been applied to Fifth
> Amendment claims as well as First Amendment claims.
>
> The *Bush* decision was based on a careful analysis of *Bivens v. Six Unknown
> Named Agents of the Federal Bureau of Narcotics*, and its progeny, cases in
> which the Supreme Court held that the Constitution provided a cause of action
> for damages against federal officials. The *Bivens* line of cases confers
> "adequate power to award damages to the victim of a constitutional violation,"
> except when Congress establishes an alternative remedy and indicates, either
> explicitly or implicitly, "that the Court's power should not be exercised."
> Without such an indication from Congress, the federal courts must fashion
> damage remedies for constitutional violations as would any common law
> court, "paying particular heed, however, to any special factors counselling
> hesitation before authorizing a new kind of federal litigation."
>
> The special factor in *Bush* that counselled hesitation was the plaintiff's
> employment relationship with the federal government, which was governed by
> a comprehensive remedial scheme: the federal civil service laws.

*McCollum v. Bolger*, 794 F.2d 602, 606-07 (11ᵗʰ Cir. 1986) (footnotes omitted).

In *Chilicky*, the Court extended the *Bush* rationale to reject Fifth Amendment claims

brought by social security disability benefit recipients against federal and state officials who

administered the disability benefit program. 487 U.S. at 425-29. In *Sugrue v. Derwinski*, 26

F.3d 8 (2ⁿᵈ Cir. 1994), the court analyzed *Bush* and *Chilicky* and declined to imply a *Bivens*

6

remedy in an action against employees of the Department of Veterans Affairs arising from

the denial of benefits.  The court stated:

> As in *Bush* and *Chilicky*, the scheme of review for veterans benefit claims
> provides meaningful remedies in a multitiered and carefully crafted
> administrative process.  Further, the fact that Congress has explicitly
> foreclosed a remedy in Article III courts against the VA, *see* § 511(a), and the
> policies underlying that prohibition . . . suggest that Congress' failure to create
> a remedy against individual employees of the VA was not an oversight.

*Sugrue*, 26 F.3d at 12.  The *Sugrue* analysis is persuasive, and this court likewise concludes

that there is no *Bivens* remedy against a VA employee arising from a decision affecting

benefits.  *See also Hicks v. Small*, 69 F.3d 967 (9th Cir. 1995) ("The district court correctly

held that a *Bivens* action was inappropriate in light of the comprehensive, remedial structure

of the VJRA.");  *Zuspann v. Brown*, 60 F.3d 1156, 1160-61 (5th Cir. 1995) (following

*Sugrue*).  Because Congress created an intricate scheme for which there are specific remedies

and levels of protection, the court concludes that adequate remedies exist without resorting

to creating a *Bivens* action in this case.  *See Chilicky*, 487 U.S. at 423.

> No *Bivens* right of action exists, . . . in a situation in which federal legislation
> has set up "an elaborate remedial system that ha[d] been constructed step by
> step, with careful attention to conflicting policy considerations."

*Zuspann*, 60 F.3d at 1160.  Finally, Congress established an avenue of judicial review by

creating the Court of Appeals for Veterans Claims.  *See* 38 U.S.C. § 7261.  Clearly, Congress

has provided the plaintiff with adequate and exclusive remedies by enacting comprehensive

statutory schemes governing the administration of the Veterans' Judicial Review Act.  Thus,

the court concludes that the plaintiff has, as a matter of law, failed to state a claim upon

which relief can be granted.

Therefore, the court concludes that, based on the facts alleged by the plaintiff, it appears beyond doubt that he can prove no set of facts entitling him to relief. *See Conley*, 355 U.S. at 45-46.

To the extent that the plaintiff seeks punitive damages pursuant to *Bivens*, "[t]he established rule is that punitive damages cannot be recovered from the United States or its agencies." *See Smith v. Russellville Production Credit Ass'n*, 777 F.2d 1544, 1549-50 (11th Cir. 1985).

## CONCLUSION

For the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that the plaintiff's claims against the United States and Department of Veterans Affairs employees be DISMISSED for lack of subject matter jurisdiction.  It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before **January 24, 2007.**  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual

8

findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 11th day of January, 2007.


            /s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE