IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| STEPHEN EVERETT LEE ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:06CV368-MHT |
| ) | |
| ) | (WO) |
| ) | |
| UNITED STATES OF AMERICA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S BRIEF IN OBJECTION TO DISMISSAL OF DEFENDANTS
AND MOTION TO AMEND COMPLAINT**

The *pro se* Plaintiff, Stephen Everett Lee, respectfully files this brief in objection to the Dismissal of the Defendants in the above styled cause. The Plaintiff contends that the Defendants' Dismissal is due for review and the action recommended is due to be reconsidered. He offers the following for the Court's consideration:

I.     STATEMENT OF FACTS:

The Plaintiff seeks damages from the individual Defendants for their perceived roles in influencing an Administrative decision made to ban him from the Department of Veteran Affairs' Central Alabama Veterans Health Care System, here forth referred to as, "CAVHCS". The Plaintiff seeks damages pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, provides a cause of action against Federal Agent who, while acting under the color of Federal Law, violated an individual's

Constitutional Rights of 403 U.S. 388 (1971), 397, 915 ct. 1999, 2005, 29 L. Ed. 2d 619 (1970).

Additionally, the Plaintiff would like to respectfully dispute the decision for Dismissal of the Defendants based Eleventh Circuit Court of Appeals, which upholds the fact that [d]amages can be obtained in a *Bivens* Action, when: "(1) The Plaintiff has no alternative means of obtaining redress, and (2) No 'special factors counseling hesitation' are present."

The Plaintiff contends that this action falls well within the guidelines set forth under the Federal Tort Claims Act because his claim is an Administrative Tort Claim against CAVHCS.

The Plaintiff further contends that it is pertinent that the Court does not misconstrue the main focus of this Complaint, which is that his claim is solely an Administrative Tort Claim against CAVHCS as a result of the medical neglect that unequivocally was the direct cause of the Plaintiff's pre-existing condition to be exacerbated. Since this action is an Administrative Tort Claim, the Plaintiff contends that the normal procedural process governing the claims within the multi-tiered level of framework available through the Veterans Administration do not apply to this particular claim due to its Administrative nature.

Hence, the Plaintiff contends that the recommendation for Dismissal of the Defendants is due for review and the action recommended is due to be reconsidered due to the fact that the Plaintiff, within his lawful rights, has no other means to remedy his complaint, except through the Court, using the Federal Tort Claim Act as the jurisdictional basis for this action because there are 'no special favors counseling

hesitation present for Administrative Tort Claims [as aforementioned in (2) of a *Bivens* Action above].

As proof of the exhaustion of his attempts to make his claim, the Plaintiff's actions included the following:

A. The Plaintiff filed an Administrative Tort Claim on January 20, 2003 requesting $103,000 for damages as a result of a wrongful arrest. (See Plaintiff's Exhibit #'s 1 & 2)  This claim was directly relative to an incident where the Plaintiff was accused of assaulting a Veteran and incarcerated for ten (10) months while awaiting a trial, which resulted in a full acquittal of all charges. The Plaintiff contends that although this was an isolated incident where he was accused of attacking a Veteran and was proven innocent, he is still being victimized because of the charges, which resulted in a Final Agency Denial of the Administrative Tort Claim filed. (See Plaintiff's Exhibit # 3)

B. The Plaintiff's aforementioned Administrative Tort Claim, dated January 20, 2003, was submitted on the standard Form – 95 (form used for damage, injury or death) and was received by the VA Regional Office, and a Final Agency Decision was rendered. (See Plaintiff's Exhibit # 4) The Plaintiff's present claim, dated April 17, 2006 was also received by the Veterans Administration's Regional Office, as evidenced by the stamp referenced as #322, located on the bottom left corner of the page. Consequently, this claim was ignored due to the fact that no Final Agency Decision was rendered on the Plaintiff's claim, dated April 17, 2006.

C. The Final Agency Decision, dated March 17, 2003, (see Plaintiff's Exhibit # 3) clearly offers the Plaintiff three (3) alternative means of redress if dissatisfied with the

Agency's decision on his claim (Pg.2, #3). In an alternative action, due to the fact that the Plaintiff's claim, dated April 17, 2006 was totally ignored and not considered at all, the Plaintiff has opted to file suit in accordance with the Federal Tort Claims Act, deeming his claim denied due to lack of a response. The Federal Tort Claims Act, Sections 1346 (b) and 2671 – 2680, Title 28, United States Code provides that a tort claim that is Administratively denied, may be presented before a Federal District Court for Judicial consideration.

Hence, the Plaintiff can seek damages from the individuals for their perceived roles in influencing an Administrative decision made to ban him from the Department of Veteran Affairs' Central Alabama Veterans Health Care System. This action is being taken due to the facts that (1) there are no alternative means of redress on Administrative Tort Claims, and (2) there are no special factors counseling hesitation present, which are in accordance with the precedence of a *Bivens* Action. For these reasons, the Plaintiff can seek damages from the Defendants for their roles in the violation of the Plaintiff's Constitutional Rights to Health Care and in the exacerbation of his pre-existing condition.

Therefore, the recommendation for Dismissal of the Defendants is due reconsideration.

## II. DISCUSSION:

The Plaintiff alleges the following facts in his complaint against CAVHCS:

On April 23, 2004, the Plaintiff was banned for two (2) years from the Central Alabama Veterans Health Care System (CAVHS) facility in Tuskegee, Alabama for allegedly being violent towards employees and Veterans. The Plaintiff, expecting Due

4

Process because he deemed the ban wrongful, appealed the ban via a letter dated May 2, 2004. In his appeal to the ban, the Plaintiff specifically asked CAVHCS to name each employee and each Veteran he had supposedly been violent towards. CAVHCS never responded to the Plaintiff's letter of appeal, thus, naming no victims of the alleged attack. Additionally, as a direct result of (1) the ban, (2) no referrals from CAVHCS to an alternative heath care provider, and (3) no transportation formerly provided by the CAVHCS for Veterans, i.e., the Plaintiff, was forced to seek help through the Central Alabama Mental Health Services located in Tuskegee, Alabama. Understaffed and with no history of the Plaintiff's medical needs, except from a sketchy synopsis, at best, by the Plaintiff, the Plaintiff was forced to be deprived of his daily meds, particularly a 2000mg dose of Depakote and 150mg of Trazadone for at least seven (7) months before he could be referred to another physician. Because of this deprivation of meds, the Plaintiff, who was knowingly diagnosed by the staff at CAVHCS with Bi-Polar Disorder, Post Traumatic Stress Disorder, and his Explosive Disorder exacerbated resulting in erratic behavior. Depression set in, the Plaintiff relapsed and was eventually evicted from his apartment dwelling. The Plaintiff sought counsel from an attorney for restoration of his Constitutional Rights as a Veteran. The attorney, namely Attorney Lateefah Muhammad, advised him that she would represent him in this matter. Just two (2) months following the ban, Attorney Muhammad posted a letter, dated June 23, 2004, to the Defendants' Attorney R. Randolph Neeley stating that if the Plaintiff is continued denial of his prescribed medications his condition may continue to exacerbate. Unfortunately, this correspondence was ignored as well. Since both attempts to resolve his claim (by the Plaintiff and by Atty. Muhammad) were ignored, the Plaintiff had no

choice but to resort to submitting an Administrative Tort Claim against CAVHCS for damages on April 17, 2006 in an attempt to resolve his complaint. This complaint contained a request in the amount of $2,211,000 in accumulative damages. Moreover, this Administrative Tort Claim has not been acknowledged. After exhausting all attempts of redressing his Administrative Tort Claim within the framework of the Veterans Administration's framework, the Plaintiff opted to proceed to another level under Federal Tort Claims Act, his right if dissatisfied with the decision made, as stated in the Final Agency Decision Letter, dated March 17, 2003 (Pg. 2). Finally, due to: (a) the VA's lack of acknowledgement of his complaint, (b) because none of the aforementioned factors exist, according to the *Bivens* Action, (no alternative means of redress on Administrative Tort Claims; no special factors counseling hesitation present), and (c) the only other means of redress is by way of the means available under the Federal Tort Claims Act (FTCA – see Plaintiff's Exhibit # 3, Pg. 2, #3), the Plaintiff has chosen the latter as his means of redressing his complaint.

### III. PLAINTIFF'S MOTION TO AMEND A COMPLAINT:

#### A. CLAIM FOR VETERANS' BENEFITS

The Plaintiff, Stephen Everett Lee, hereby respectfully requests of the Court that his complaint be amended by deleting, dismissing, omitting in its entirety any mention of a request for VA benefits as compensation for personal injury caused by the actions of CAVHCS and its employees. The Plaintiff concurs with the precedence set forth by the Court stating that the Court lacks jurisdiction over any matters regarding claims for

Veterans' benefits, as suggested and documented in its recommended conclusive action. Moreover, due to the alternative means of redress available for Veterans' benefits claims established under 38 U.S. § 511, which generally prohibits Court review of decisions of the Secretary of Veterans Affairs with regards to Veterans' benefits, the Plaintiff has no cause of action against CAVHCS as long as claim for benefits exists. The Plaintiff contends that once the claim for Veterans' benefits is removed from the complaint in its entirety, and the complaint is amended, if/when granted by permission of the Court, it will include a personal injury request for damages (in the amount of ($2, 211,000 – two million two thousand eleven dollars). The above styled action can then be deemed solely as this complaint originated on the Administrative Tort Claim Form (see Plaintiff's Exhibit 4).

The Plaintiff, therefore prays that the Court shows favor that his Motion to Amend his complaint be granted so the above styled cause can be perceived solely as an Administrative Tort Claim against CAVHCS and named employees for injury incurred by the Plaintiff as a direct result of being wrongfully banned from CAVHCS. Ultimately, if this amendment is granted, the Plaintiff should then be able to use the Federal Tort Claims Act as a jurisdictional basis to proceed with his claim.

### B. *BIVENS'* CLAIMS AGAINST INDIVIDUAL DEFENDANTS:

The Plaintiff concurs with all precedence sited by the Court stating that the Plaintiff's claim for compensation can only be vindicated in a *Bivens* type action, when the Constitutional Rights of an aggrieved victim are violated, and when there is no equally effective remedy available. The Plaintiff contends that if the Motion to amend

his Complaint is granted to remove the claim for VA benefits from the complaint, the Plaintiff will be able to proceed with this action against CAVHCS and named employees as an Administrative Tort Claim. The Federal Tort Claim Act can then be a jurisdictional basis for his claim.

The Plaintiff implores the Court to grant his Motion to amend his complaint and to allow the removal of any mention of a request for VA benefits in its entirety in order to secure the validity of his claim and proceed forth, as is his Constitutional Right and is supported by a *Bivens* Action; and as it pertains to this complaint against CAVHCS and named individual employees, being viewed solely as an Administrative Tort Claim.

Therefore, the Plaintiff respectfully files this brief in objection to the Dismissal of the Defendants in the above styled cause. The Plaintiff contends that the Defendants' Dismissal is due for review and the action recommended is due for reconsideration because of the fact that there are no other means for the Plaintiff to fairly redress his claim except through those as outlined under FTCA regarding Administrative complaints.

## IV. CONCLUSION:

The Plaintiff has demonstrated that his claims against the United States' Central Alabama Veterans' Health Care System located in Tuskegee, Alabama, and the individual employees referenced, will be within the subject matter jurisdiction of the Court, pending the granting of the Plaintiff's Motion to Amend his complaint, as referenced throughout this claim. The Motion to Amend includes the removal of any mention of any and all VA benefits in its entirety, and the Plaintiff pleas to have the claim viewed solely as an Administrative Tort Claim. The Plaintiff contention is that the Defendants' Dismissal is due for review and the action recommended is due for reconsideration.

Respectfully submitted on this 23rd day of January, 2007,

*STEPHEN E. LEE*
_____
Stephen E. Lee, *pro se*

_____
Stephen Everett Lee, *pro se*

## **CERTIFICATE OF SERVICE:**

I, Stephen Everett Lee, hereby certify that on January 23, 2007, I have mailed by the United States Postal Service, copies of foregoing document to the following CM/ECF participants:

Office of the Clerk

United States District Court

P. O. Box 711

Montgomery, Alabama 36101-0711

-And –

R. Randolph Neeley, Esquire

United States Attorney

One Court Square

P. O. Box 197

Montgomery, Alabama 36101-0197

_____

Stephen Everett Lee, *pro se*