

**Department of Veterans Affairs**
Regional Counsel
1500 E. Woodrow Wilson Blvd.
Jackson, MS 39216

CERTIFIED MAIL - RETURN RECEIPT REQUESTED

☐ Area Office
Regional Counsel (02)
345 Perry Hill Road
Montgomery, AL 36109

March 17, 2003

In reply refer to: 322/02

Stephen Everett Lee
205 Lakeview Road #605B
Tuskegee, AL 36083

Subject:   Final Agency Decision - Administrative Tort Claim

Dear Mr. Lee:

This is the final agency decision on your Administrative Tort Claim dated January 20, 2003, which was received in the Montgomery Area Office on March 4, 2003. Your claim asks $103 thousand for property damage and personal injury arising out of your alleged wrongful arrest for assault by VA police at Central Alabama Veterans Health Care System, East Campus (Tuskegee), on September 22, 2000. You were acquitted of the charge on April 17, 2001.

The incident complained of is your arrest at East Campus on September 22, 2000. The date of your claim is January 20, 2003. Title 28, U.S.C. §2401(b), the statute of limitations for the Federal Tort Claims Act, bars a tort claim against the United States, including a claim for false arrest against an investigative or law enforcement officer, unless it is presented in writing to the appropriate Federal agency within *two years* after it accrues. The United States Supreme Court has held that a claim accrues under §2401(b) when the claimant knows both the existence and the cause of the injury. United States v. Kubrick, 444 U.S. 111, 100 S. Ct. 352, 62 L. Ed. 2d 259 (1979). You were aware both of the arrest itself and of the grounds therefor because you executed a Voluntary Witness Statement of three pages at the time of your arrest. Therefore, your claim is untimely and must be denied.

Although your claim is being denied because it is untimely, it should be noted that reasonable grounds existed for your arrest on September 22, 2000. In your Voluntary Witness Statement, you admitted a dispute with the victim, William McKee, over a loan of $60 you had made to him. You admitted a meeting between you and Mr. McKee at East Campus on September 14, 2000, a week before the assault that led to your arrest on September 22, in the office of supervisor James Bell. You admitted becoming upset during the meeting. You

DEFENDANT'S EXHIBIT 4

admitted that Mr. Bell had to step between you and Mr. McKee in order to prevent a confrontation. You admitted threatening Mr. McKee on that occasion. In a separate statement to VA police, Mr. McKee identified you as his assailant. On September 26, 2000, you were indicted by the Federal grand jury. Other statements submitted by you in connection with your claim admit your arrest and incarceration in Georgia for various offenses including assault before September 22, 2000. Consequently, despite your acquittal, reasonable grounds existed on September 22, 2000, to arrest you for the assault on Mr. McKee. The fact that you were acquitted does not render your arrest unlawful. This is because the burden of proof for conviction, beyond a reasonable doubt, is higher than the burden of proof for arrest, which is only probable cause.

Accordingly, you claim is hereby finally denied.

If you are dissatisfied with this decision, you may file a request for reconsideration of your claim with the VA General Counsel by any of the following means: (1) you may mail your request to the Department of Veterans Affairs, General Counsel (021B), 810 Vermont Avenue, N.W., Washington, DC 20420; (2) you may file your request by data facsimile (fax) to (202) 273-6385; or (3) you may e-mail your request to OGC.torts@mail.va.gov. To be timely filed, VA must receive this request prior to the expiration of 6 months from the date of the mailing of this final denial. Upon filing such a request for reconsideration, VA shall have 6 months from the date of that filing in which to make final disposition of the claim, and your option to file suit in an appropriate U.S. District Court under 28 U.S.C. 2675(a) shall not accrue until 6 months after the filing of such request for reconsideration (28 C.F.R. Section 14.9).

In the alternative, if you are dissatisfied with the action taken on your claim, you may file suit in accordance with the Federal Tort Claims Act, sections 1346(b) and 2671-2680, title 28, United States Code, which provides that a tort claim that is administratively denied may be presented to a Federal district court for judicial consideration. Such a suit must be initiated within 6 months after the date of the mailing of this notice of final denial as shown by the date of this letter (section 2401(b), title 28, United States Code). If you do initiate such a suit, you are further advised that the proper party defendant is the United States, not VA.

Sincerely,

Mary E. Barrett
Regional Counsel

cc: Director (619/00)
CAVHCS-WC
Montgomery, AL