IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| STEPHEN EVERETT LEE,    )<br>                          )<br>    Plaintiff,          )<br>                          )<br>    v.                    )<br>                          )<br>UNITED STATES OF AMERICA, )<br>et al.,                   )<br>                          )<br>    Defendants.           ) | <br><br><br><br>CIVIL ACTION NO.<br>2:06cv368-MHT<br>     (WO) |

OPINION

The plaintiff filed this lawsuit asserting that the defendants illegally barred him from the Veterans Health Care System. This lawsuit is now before the court on the recommendation of the United States Magistrate Judge that the plaintiff's case be dismissed. Also before the court are the plaintiff's objections to the recommendation. After an independent and de novo review of the record, the court concludes that the plaintiff's objections should be overruled and the magistrate judge's

recommendation adopted.  The court also concludes that the plaintiff's motion to amend should be denied.

The court adds these comments:

(1) In his objections, the plaintiff reiterates the claims he presents in his complaint, arguing that he is entitled as a matter of law to seek damages against the Central Alabama Veterans Health Care System (CAVHCS) pursuant to <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971).  The plaintiff's claims against the United States are due to be dismissed because <u>Bivens</u> does not create a cause of action against federal agencies.  See <u>Federal Deposit Ins. Corp. v. Meyer</u>, 510 U.S. 471 (1994). Moreover, the plaintiff's <u>Bivens</u> claims against the individual defendants are precluded by the doctrine set forth in <u>Bush v. Lucas</u>, 462 U.S. 367 (1983), and <u>Schweiker v. Chilicky</u>, 487 U.S. 412 (1988).  The law in this circuit is clear that the existence of a comprehensive statutory scheme precludes the bringing of <u>Bivens</u> actions for money

damages.  See Miller v. U.S. Dept. of Agriculture Farm Servs. Agency, 143 F.3d 1413, 1416 (11th Cir. 1998); Gleason v. Malcom, 718 F.2d 1044, 1048 (11th Cir. 1983); Grier v. Secretary of the Army, 799 F.2d 721, 725 n. 3 (11th Cir. 1986).

(2) The plaintiff further contends that he is entitled to pursue his claims under the Federal Tort Claims Act (FTCA).  It appears from a review of the pleadings that the plaintiff is seeking compensation in the form of benefits and punitive damages for injuries he received through the Veterans Administration's failure to treat him because he was banned from the facility.  The plaintiff cannot avoid the jurisdictional bar of 38 U.S.C. § 511 by couching his claims in terms of constitutional or tort law claims or by simply asserting that he is proceeding under the FTCA. In an attempt to circumvent the jurisdictional bar, the plaintiff seeks to amend his complaint to remove his claim for benefits but to request compensatory damages in the amount of 2.2

million dollars. The plaintiff's claims for damages stem from the CAVHCS's decision to bar him from the hospital which, in essence, is a denial of medical and hospital benefits. Section 511(a) "includes all claims, whatever their bases, as long as the claim is 'necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans.'" Hicks v. Veterans Administration, 961 F.2d 1367, 1369 (8th Cir. 1992) (citation omitted).

(3) Finally, the plaintiff has an adequate and exclusive remedy under the Veterans' Judicial Review Act and in the Court of Appeals for Veterans Claims. See 38 U.S.C. § 7261.

An appropriate judgment will be entered.

DONE, this the 20th day of February, 2007.

/s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**